UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| John Nesse and Tim Mackey as Trustees of the Minnesota Laborers Health and Welfare Fund, Tim Mackey and John Nesse as Trustees of the Minnesota Laborers Pension Fund, Tammy Braastad and Tim Mackey as Trustees of the Minnesota Laborers Vacation Fund, Fred Chase and Joe Fowler as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, Mark Ryan and Dave Borst as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust, the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust, | Case No. _____ <br><br><br><br><br><br><br><br><br><br><br><br> **COMPLAINT** |

Plaintiffs,

vs.

Tony J. Lastovich d/b/a Tony's Construction,

Defendant

_____

Plaintiffs, as their Complaint against the Defendant state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1.     Plaintiffs are Trustees of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota

1

and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("Funds").

2.      The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5).   The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, et seq.   The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3.      Defendant Tony J. Lastovich is an individual who has assumed the name of and conducts business as Tony's Construction ("Tony's Construction").   Tony's Construction has a principal place of business as 11254 Highway 37, Hibbing, Minnesota 55746.   Tony's Construction is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

4.      This is an action by the Funds' Trustees as fiduciaries to collect unpaid fringe benefit contribution payments.   Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.   Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

5.      The Funds are administered in Dakota County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

**FACTS**

6.     The Funds re-allege and incorporate by reference paragraphs 1-5 herein.

7.     Tony's Construction is bound to the terms of two collective bargaining agreements, the first negotiated between the Highway, Railroad, and Heavy Construction Division of Associated General Contractors of Minnesota and the Laborers District Council of Minnesota and North Dakota on behalf of its affiliated Local Unions with a term of May 5, 2014 through April 30, 2017, and the second negotiated between a multi-employer bargaining committee of Landscape contractors and the Laborers District Council of Minnesota and North Dakota on behalf of its affiliated Local Unions with a term of May 1, 2014 through April 30, 2017 (collectively referred to as "CBAs").

8.     Tony's Construction is bound to the terms of the CBAs through at least April 30, 2018.

9.     The CBAs provide that Tony's Construction is bound to the Trust Agreement for each of the following:  the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust.

10.     The CBAs require Tony's Construction to contribute every month, not later than the 15th day of the following month, contributions to the Funds in an amount set forth in the CBAs for each hour worked by its employees covered by the CBAs.

11.     The CBAs require Tony's Construction to accurately report and calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with Tony's Construction's monthly payment to the Funds.

12.     The CBAs state that Tony's Construction shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

13.     The CBAs require Tony's Construction to maintain adequate records to identify the type of work being performed by employees to allow the Funds to determine whether Tony's Construction is accurately reporting hours to the Funds.  If Tony's Construction fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Tony's Construction is liable for all the hours worked by that individual for whom Tony's Construction is unable to produce satisfactory records verifying the type of work being performed by that individual.

14.     Independent of the CBAs, 29 U.S.C. § 1059 requires employers such as Tony's Construction to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

15.     If Tony's Construction fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Tony's Construction is liable for all the hours worked by that individual for whom Tony's Construction is unable to produce satisfactory records verifying the type of work being performed by that individual.

16.     The CBAs state that if Tony's Construction becomes delinquent, Tony's Construction shall be required to pay as liquidated damages an amount equal to 10% of the payment otherwise due.

17.     The CBAs state that if Tony's Construction becomes delinquent, Tony's Construction shall be required to pay interest on all delinquent contributions at the rate prescribed by the Trustees of the Funds in the Trust Agreements.

18.     The CBAs state that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

<u>COUNT I</u>
**BREACH OF CONTRACT/FAILURE TO SUBMIT CONTRIBUTIONS**

19.     The Funds re-allege and incorporate by reference paragraphs 1-18 herein.

20.     Tony's Construction breached the terms of the CBAs by failing to submit remittance reports and the contributions due and owing for the period of August 2017 through December 2017.

21.     Upon information and belief, Tony's Construction employed individuals performing work covered by the CBAs during the period of August 2017 through December 2017 on whose behalf contributions are due and owing and continues to do so.

22.     Tony's Construction is liable to the Funds for the CBA-obligated fringe benefit amounts for all hours worked by its employees for whom Tony's Construction is unable to produce satisfactory records verifying the type of work performed by any such individuals.

23.     In the absence of this Court's order as requested, the Funds are without adequate remedy at law and will be subject to irreparable harm.

24.     Tony's Construction should be enjoined from further refusal and failure to remit contributions.

25.     Pursuant to the CBAs, Tony's Construction is liable to the Funds for all attorney fees, service fees, filing fees, court reporter fees and other legal costs and disbursements incurred by the Funds in enforcing their rights and collecting the amounts due.

26.     Pursuant to the CBAs, Tony's Construction is liable to the Funds for liquidated damages in the amount of ten percent of the unpaid contributions and interest charges on the unpaid contributions due and owing for the period of August 2017 through December 2017 and any other month that becomes due and owing during the pendency of this litigation.

## COUNT II
## ERISA DAMAGES

27.     The Funds re-allege and incorporate by reference paragraphs 1-26 herein.

28.     The Funds are entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

29.     The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

30.     The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment of this Court against Tony J. Lastovich d/b/a Tony's Construction, as follows:

1.     For an order requiring Defendant to submit to Plaintiffs all reports or calculations for contributions for the period of August 2017 through December 2017 which accurately and completely identify all hours worked by his employees.

2.     For an order requiring Defendant to submit to Plaintiffs all reports or calculations for contributions becoming due during the pendency of these proceedings which accurately and completely identify all hours worked by its employees.

3.     For judgment for amounts to be proven at trial for delinquent contributions shown to be owing pursuant to those calculations, plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

4.     For an award of costs, disbursements and attorney fees according to law.

5.      Such other and future relief as the Court deems just, equitable or proper.


Date: February 5, 2018                          MCGRANN SHEA CARNIVAL
                                                STRAUGHN & LAMB, CHARTERED


                                        By:     s/Amy L. Court
                                                Carl S. Wosmek (Atty. No. 300731)
                                                Amy L. Court (Atty. No. 319004)
                                                Christy E. Lawrie (Atty. No. 388832)
                                                800 Nicollet Mall, Suite 2600
                                                Minneapolis, MN 55402
                                                Telephone: (612) 338-2525
                                                csw@mcgrannshea.com
                                                alc@mcgrannshea.com
                                                cel@mcgrannshea.com

                                                *Attorney for Plaintiffs*

1073160.DOCX